UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER LYNN D.[1],

      Plaintiff,

                                         Case No. 22-cv-12076

                                         Hon. Matthew F. Leitman

v.

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.

_____/

## ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 15) TO REPORT AND RECOMMENDATION (ECF No. 14); (2) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 12); AND (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 10)

In this action, Plaintiff Jennifer D. challenges the denial of her applications for Supplemental Security Income benefits under the Social Security Act. (*See* Compl., ECF No. 1.)  Both Jennifer D. and Defendant Commissioner of Social Security filed motions for summary judgment. (*See* Mots., ECF Nos. 10, 12.)  The assigned Magistrate Judge then issued a Report and Recommendation in which she

---

[1] As the Magistrate Judge explained, consistent with guidance regarding privacy concerns in Social Security cases by the Judicial Conference Committee on Court Administration and Case Management, this district has adopted a policy to identify plaintiffs by only their first names and last initial. *See also* Fed. R. Civ. P. 5.2(c)(2)(B).

recommended that the Court deny Jennifer D.'s motion and grant the Commissioner's motion (the "R&R"). (*See* R&R, ECF No. 14.)

Jennifer D. has now filed timely objections to the R&R. (*See* Objections, ECF No. 15.)  The objections, however, barely mention the R&R, much less meaningfully address the reasoning that the Magistrate Judge explained in a thorough and detailed 46-page recommendation.   Thus, for the reasons explained below, the Court **OVERRULES** the objections, **ADOPTS** the recommended disposition of the R&R, **GRANTS** the Commissioner's motion, and **DENIES** Jennifer D.'s motion.

# I

## A

On September 19, 2017, Jennifer D. applied for Supplemental Security Income benefits under the Social Security Act. (*See* ECF No. 8-5, PageID.471-476.) She then filed a second application for the same benefits on May 29, 2020. (*See* ECF No. 8-12, PageID.2225-2232.)   The Social Security Administration later consolidated the two applications. (*See* ECF No. 8-10, PageID.2103.)    In her applications, Jennifer D. claimed that the following impairments, among others, limited her ability to work: chronic obstructive pulmonary disease, depression, anxiety, blood clots, post-traumatic stress disorder, lymphedema, atrial fibrillation, migraines, history of cancer, and pain in her legs from past injuries such as a torn hamstring and torn Achilles tendon. (*See* ECF No. 8-11, PageID. 2115, 2129.)

**B**

On January 20, 2022, the Social Security Appeals Council directed that an Administrative Law Judge (the "ALJ") hold a hearing to consider Jennifer D.'s consolidated applications for benefits. (*See* ECF No. 8-10, PageID.2103.)   That hearing was held on May 6, 2022.  Both Jennifer D. and a vocational expert testified at the hearing. (*See* ECF No. 8-9, PageID.1942-1980.)

**C**

The ALJ issued a written decision denying Jennifer D.'s applications for benefits on May 23, 2022. (*See* ECF No. 8-9, PageID.1919-1932.)  The ALJ first concluded that Jennifer D. suffered from several "severe impairments" including "status post left Achilles tendon rupture; status post left hamstring rupture; osteoarthritis right knee and right knee meniscus tear; degenerative disc disease (DDD) of the cervical and lumber spines; obesity; migraines; depressive disorder; anxiety disorder; [and] posttraumatic stress disorder (PTSD)." (*Id.*, PageID.1922.) The ALJ next determined that despite these severe impairments, Jennifer D. had the residual functional capacity ("RFC") to perform "sedentary work" with the following restrictions:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except that the claimant can lift and carry ten pounds occasionally and less than ten pounds frequently; sit for six hours, stand for two hours, walk for two hour; push and

3

pull as much as can lift and carry; she can never operate foot controls with right and left foot. The claimant can climb ramps and stairs occasionally; never climb ladders, ropes, or scaffolds; balance, stoop, kneel, crouch, and crawl occasionally. The claimant can never work at unprotected heights; never moving mechanical parts; in dust, odors, fumes and pulmonary irritants occasionally. The claimant can perform simple, routine, and repetitive tasks but not at a production rate pace (e.g. assembly line work); and occasional changes in tasks or demands.

(*Id.*, PageID.1925.)  Finally, the ALJ found that "there [were] jobs that exist[ed] in significant numbers in the national economy that [Jennifer D. could] perform." (*Id.*, PageID.1931.)  The ALJ therefore held that Jennifer D. was not disabled and not entitled to benefits.

Jennifer D. appealed the ALJ's decision to the Appeals Council, but that body denied review. (*See* ECF No. 8-9, PageID.1909-1912.)

## II

On September 2, 2022, Jennifer D., through counsel, filed this action seeking judicial review of the administrative decision denying her applications for benefits. (*See* Compl., ECF No. 1.)  Jennifer D. and the Commissioner thereafter filed cross-motions for summary judgment. (*See* Jennifer D. Mot., ECF No. 10; Comm'r Mot., ECF No. 12.)  In her motion for summary judgment, Jennifer D. argued that (1) the ALJ improperly discounted the opinion of her treating physician, Dr. Lisa L. Legere-Struntz and (2) her RFC was not supported by substantial evidence. (*See id.*)

4

The assigned Magistrate Judge issued the R&R on the parties' cross-motions on August 10, 2023. (*See* R&R, ECF No. 14.)  The Magistrate Judge recommended granting the Commissioner's motion and denying Jennifer D.'s motion. (*See id.*)  With respect to Jennifer D.'s arguments regarding the ALJ's treatment of Dr. Legere-Struntz's opinion, the Magistrate Judge explained in detail why she concluded that "the ALJ's evaluation of Dr. Legere-Struntz's opinion satisfied the requirements of the [applicable regulations] and [was] supported by substantial evidence." (*Id.*, PageID.4048-4054.)  The Magistrate Judge next addressed Jennifer D.'s arguments that her RFC was not supported by substantial evidence.  The Magistrate Judge disagreed and explained that "the ALJ thoroughly explained his RFC assessment while frequently citing to both the medical and non-medical evidence of record.  He also noted when he found medical opinions lacking support and consistency with specific medical evidence and the record as a whole.  For these reasons, […] the RFC assessment [was] supported by substantial evidence and complie[d] with all applicable regulations. (*Id.*, PageID.4065-4066.)

Jennifer D. filed timely objections to the R&R on August 23, 2023. (*See* Objections, ECF No. 15.)  The Court will describe and address the objections in detail below.

### III

When a party objects to portions of a Magistrate Judge's report and recommendation, the Court reviews those portions *de novo*. *See* Fed.R.Civ.P. 72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R to which a party does not object. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

### IV

Jennifer D. has raised three objections to the R&R. The Court addresses each separately below. But it begins with a flaw that exists in all three objections and is a sufficient, independent basis to overrule each of the objections. This flaw is that the objections do not meaningfully address the legal analysis or reasoning offered by the Magistrate Judge in the R&R. Indeed, the objections barely acknowledge the Magistrate Judge's reasoning and analysis. Instead, the objections address the R&R and the Magistrate Judge only in passing, and either (1) attack the reasoning and conclusions reached *by the ALJ* and/or (2) repeat the same arguments that Jennifer D. already presented to the Magistrate Judge without explaining how the Magistrate Judge erred when she rejected those arguments. But as the Sixth Circuit has repeatedly explained, parties must raise "specific objections *to the magistrate's report*" in objections to a report and recommendation. *Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009) (emphasis added) (quoting *Smith v.*

6

*Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).  Thus, as here, where a plaintiff fails to "specifically address how the [Magistrate Judge's] factual and legal recommendations were incorrect," a plaintiff has "waived any challenge" to those conclusions. *Fields v. Lapeer 71-A District Court Clerk*, 2 F. App'x 481, 482 (6th Cir. 2001) (holding that plaintiff's "conclusory objections" that did not address reasoning of the Magistrate Judge were "insufficient to preserve his appeal of the district court's judgment"). *See also Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004) (explaining that "[a]n 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context").  The Court overrules all three of Jennifer D's objections on this basis.

Despite concluding that Jennifer D.'s objections are deficient for failing to meaningfully address the Magistrate Judge's legal reasoning and analysis, the Court nonetheless now turns to the individual objections to provide additional reasons why the objections do not entitle Jennifer D. to relief.

## A

In Jennifer D.'s first objection, she argues that the RFC "attributed to [her] by the ALJ and approved by the Magistrate Judge of limited sedentary capacity is too robust and not supported by the majority of the medical evidence of record nor by

the Social Security law." (Objections, ECF No. 15, PageID.4071-4072.)  But this objection fails for at least two reasons.

First, while Jennifer D says that the RFC conflicts with the medial evidence, she does not cite *any* medical evidence in this objection that is in conflict with the RFC.  Nor does she explain in this objection how any particular portion of the RFC conflicts with any particular piece of medical evidence.  Instead, she merely lists her impairments and argues, in conclusory fashion, that "[w]ith 17 medically proven impairments, 11 of which are severe, it seems ridiculous to hold that such a person can perform a full time competitive job." (*Id.*)  Such a conclusory objection that lacks any meaningful analysis and does not include any citations to the record is insufficient. *See*, *e.g.*, *Zimmerman*, 354 F. App'x at 230 ("[T]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object").

Second, to the limited extent that Jennifer D. refers to the analysis of the Magistrate Judge in this objection, she has misread and mischaracterized the R&R. In this objection, Jennifer D. complains that the Magistrate Judge did not find her to be disabled even though the Magistrate Judge "recognize[d] that [she] is no longer able to care for herself and must rely on her father and son to drive her places." (Objections, ECF No. 15, PageID.4072.)  But the Magistrate Judge made no such finding.  The portion of the R&R that Jennifer D. cited in this objection was the

portion in which the Magistrate Judge was recounting Jennifer D.'s *own* testimony from the hearing before the ALJ. (*See* R&R, ECF No. 14, PageID.4027-4030.)  In the analysis section of the R&R, the Magistrate Judge explained in detail why Jennifer D.'s RFC was supported by substantial evidence. (*See id.*, PageID.4055-4066.)  And Jennifer D. has not identified any error in that analysis or even attempted to do so.

For all of these reasons, and because Jennifer D. did not sufficiently identify any error in the reasoning or analysis by the Magistrate Judge, this objection is **OVERRULED**.

## B

In Jennifer D.'s second objection, she says that her "treating and examining doctor's opinions concerning [her] limitations and how they affect her ability to work were not given sufficient weight in the [ALJ's] decision and the [R&R]." (Objections, ECF No. 15, PageID.4073-4074.)  But this objection fails for the same reason that her first objection failed.  The objection does not mention the Magistrate Judge at all, nor does it identify any particular error in the R&R.  Moreover, this objection does not even identify any specific error made by the ALJ.  Instead, this objection simply summarizes the conclusions of her treating physicians and makes the conclusory statement that "Plaintiff obviously has impressed her primary care doctor with her limitations and from 15+ years of treatment, one would think Dr.

Legere-Struntz would have her patients ability to function well in mind, the ALJ erroneously did not." (*Id.*, PageID.4074.)   Both the ALJ and Magistrate Judge thoroughly explained why they found the medical evidence relied upon by Jennifer D. to be in conflict with other medical evidence in the record.  And in the objections, Jennifer D. did not engage with that analysis at all.  Her conclusory and unsupported second objection is therefore **OVERRULED**.

## C

Finally, in her third objection, Jennifer D. argues that "[t]he frequency and number of medical visits to the [her] doctors and hospitals were not given sufficient weight when judging [her] ability to regularly attend work and miss only 1 day per month." (*Id.*, PageID.4075-4076.)  This objection fails for several reasons.

First, Jennifer D. has not cited in this objection any *evidence* that her medical appointments would cause her to miss a significant amount of work.   In the objection, she refers to a timeline her counsel created that shows "45 days of medical visits" that took place between September 13, 2017, and February 21, 2019. (*Id.*, PageID.4075.)  But Jennifer D. does not explain why she is relying on a time period that ended more than a year *before* she filed her the application for benefits at issue here.  It is therefore not clear to the Court how that time period is relevant to Jennifer D.'s current claim for benefits.

Second, and more importantly, as the Social Security Appeals Council explained when it rejected this argument in July 2022, Jennifer D. has not provided any evidence that her appointments would conflict with her work schedule. Nor has she presented evidence that she could not "attend appointments during off work hours." (ECF No. 8-9, PageID.1909.) Simply put, Jennifer D. has not supported this objection with any evidence that her medical appointments would require her to miss significant days of work.

Finally, the Magistrate Judge thoroughly considered and rejected this argument in the R&R. As the Magistrate Judge explained, (1) most of Jennifer D.'s medical appointments were the result of "one time" events like motor vehicle accidents, and it was therefore unlikely that she would continue to have a need to attend a significant number of appointments in the future and (2) several appointments were unrelated to the bases upon which Jennifer D. sought disability benefits:

> Next, Plaintiff argues that the medical evidence shows that she cannot do sustained work on a regular and continuing basis because she would miss more than one day of work each month just attending medical appointments. (ECF No. 10, PageID.3854). [….]  [T]he undersigned reviewed the medical records highlighted by the Commissioner which show that much of Plaintiff's medical treatment was related to acute medical conditions or specific events like [motor vehicle accidents]. (ECF No. 12, PageID.3999-4000 (citing ECF No. 8-8, PageID.1868-1871 (6/19/18: leg burn from motorcycle tailpipe); ECF No. 8-7, PageID.1083-1112 (8/6/18: MVA), 1118- 1130 (10/4/18:

upper respiratory infection), 1216-1243 (11/26/18 MVA), 1185- 1210 (12/6/18: re-check of pain from chest contusion suffered in 11/26/18 MVA))). Plaintiff's appointments for these issues are not relevant to the impairments for which she is seeking disability and cut against her assertion that she would regularly miss work for medical appointments related to her alleged ongoing impairments.

(R&R, ECF No. 14, PageID.4058-4060.) Jennifer D. did not address these bases for upholding the ALJ's decision in the objections, nor did she explain why the Magistrate Judge's analysis quoted above was in error. This objection is therefore **OVERRULED**.

## V

Accordingly, for all of the reasons explained above, **IT IS HEREBY ORDERED** that:

- Jennifer D.'s objections to the R&R (ECF No. 15) are **OVERRULED**;

- The recommended disposition of the R&R (ECF No. 14) is **ADOPTED**;

- Jennifer D.'s motion for summary judgment (ECF No. 10) is **DENIED**; and

- The Commissioner's motion for summary judgment (ECF No. 12) is **GRANTED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
Dated:  September 13, 2023            UNITED STATES DISTRICT JUDGE

12

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 13, 2023, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126